United States District Court
Eastern District of Texas
Sherman Division

| | |
|---|---|
| Geotag, Inc. and IP Analytics, LLC<br><br>    Plaintiffs<br><br>v.<br><br>Raj V. Abhyanker and Raj Abhyanker P.C.<br>d/b/a LegalForce and d/b/a LegalForce<br>R.A.P.C. Worldwide<br><br>    Defendants | Civil Action No. 4:14-cv-00562-DDB |

## Motion for Attorney Fees

Defendants Abhyanker and LegalForce moved to dismiss the original complaint. Count 5 of the complaint purported to assert a claim for declaratory relief under the Texas Declaratory Judgments Act (TDJA).[1] Count 4 of the complaint was attacked under the Texas Citizens Participation Act (TCPA), which is commonly referred to as Texas's anti-SLAPP statute.[2]

While the motions to dismiss were pending, IP Analytics (IPA) dismissed all of its claims, and GeoTag dismissed those claims that were attacked. Abhyanker and LegalForce are the prevailing parties with respect to the claims asserted in Counts 4 and 5.

Both statutes provide for the prevailing party to recover attorney fees. Abhyanker and LegalForce are entitled to recover their attorney fees incurred in connection with those claims, as the prevailing party with respect to counts 4 and 5. The defendants should be awarded attorney fees of $51,403.50.

**Statement of issues to be decided**

1.  The amount of attorney fees to award to the defendants under the TCPA and the TDJA.

---

[1] Tex. Civ. Prac. & Rem. Code § 37.001 *et seq.*
[2] Tex. Civ. Prac. Rem. Code 27.001 et. seq. (the "TCPA")

## I. Defendants are entitled to fees and sanctions under the TCPA

### A. Attorney fees are mandatory under the TCPA

Under the TCPA, attorney fees, costs and other expenses are mandatory. The statute provides that the court *shall* award attorney fees and *shall* award sanctions when sanctions are warranted.[3] The legislature used the word *shall* to show its intent to impose upon the trial court an obligation to assess sanctions.[4] Statutes providing that a party "may recover", "shall be awarded", or "is entitled to" attorney fees are not discretionary.[5] Accordingly, courts that denied fees or sanctions to moving parties have been reversed.[6]

### B. A plaintiff's subjective motivation for dismissal is not relevant

GeoTag's motion for leave to amend the complaint referred to a purported contract between GeoTag and IP Analytics that allegedly "required" GeoTag to dismiss the unjust enrichment and constructive trust claims against Abhyanker and LegalForce.[7] GeoTag's purported motivation behind amending the complaint and dismissing the SLAPP count is not relevant to the inquiry under the TCPA. Allowing nonmoving parties to manufacture motivations behind dismissal in the face of an anti-SLAPP motion would eviscerate the TCPA, which *requires* an award of fees and costs upon dismissal of the SLAPP counts. Also, inserting an intent element where the Texas legislature did not want one would violate settled canons of

---

[3] Tex. Civ Prac. Remedies Code § 27.009 (the court shall award to the moving party (1) court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require; and (2) sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions described in this chapter.)

[4] *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001) (stating that use of the word "shall" is generally construed as mandatory); *accord Bocquet v. Herring*, 972 S.W.3d at 20 (involving the assessment of attorney's fees and stating that "[s]tatutes providing that a party 'may recover,' 'shall be awarded,' or 'is entitled to…'" connotes a non-discretionary act)

[5] *Bocquet*, 972 S.W.2d 19, 21 (citing *D.F.W. Christian Television, Inc. v. Thornton*, 933 S.W.2d 488, 490 (Tex. 1996) (Tex. Civ. Prac. & Rem. Code § 38.001(8)); *Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812, 818 (Tex. 1997) (Tex. Bus. & Com.Code § 17.50(d)); *Ragsdale v. Progressive Voters League*, 790 S.W.2d 77, 86 (Tex. App. Dallas 1990) (former Tex. Elec.Code § 251.008, recodified as § 253.131)

[6] *Sullivan v. Abraham*, 2014 Tex. App. Lexis 11319 at 10 (Tex. App. Amarillo Oct. 13, 2014)

[7] Although this document is attached in the motion and referenced in GeoTag's opposition to Defendants' 12(b)(6) motion, GeoTag has not introduced the document and instead relies on secondhand summaries of the contents of this contract. This is improper under FRE 1002 and 802.

statutory construction.[8]

Even if the plaintiff's asserted motivation for dismissal could be considered, the assertion in this case is not credible. The purported contract with Nextdoor was entered into on September 10, 2014. The defendants did not move to dismiss the complaint until September 30 and October 3, 2014. If the plaintiffs' asserted motivation held any credibility, the dismissals would have occurred during the intervening weeks after the plaintiffs' contract with Nextdoor and the defendants' motions to dismiss. However, the plaintiffs made no attempt to dismiss their complaint until October 8, 2014 — after they realized the strength of the motions to dismiss.

## II. Defendants should be awarded fees under the Texas Declaratory Judgment Act

In addition to fees and sanctions under the TCPA, the defendants also request attorney fees incurred in the course of defending Plaintiffs' declaratory relief claim under the Texas Declaratory Judgments Act (TDJA).[9] Plaintiffs sued for declaratory relief under this statute and requested attorney fees under it.[10] Subsequently, both plaintiffs dismissed this claim.

Here, GeoTag and IP Analytics invoked the TDJA when they sought declaratory relief and attorney fees in their original complaint. The federal Declaratory Judgment Act does not contain a provision to shift attorney fees, so the plaintiffs were necessarily invoking the TDJA. Accordingly, this court may award the defendants' attorney fees under the TDJA.

### A. Federal courts award fees under the TDJA

The Fifth Circuit has applied the TDJA to attorney fee award determinations. In *Kona Technology v. Southern Pacific Transportation*, the 5th Circuit affirmed the application of this statute. The 5th Circuit applied the Texas statute and affirmed a denial of fees based on a finding that the movant failed to satisfy the TDJA's substantive requirements.[11] Similarly, in *In re Garza*

---

[8] *Republic Bank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605, 607 (Tex. 1985) ("Unless a statute is ambiguous, [courts] must follow the clear language of the statute.")
[9] Tex. Civ. Prac. & Rem. Code § 37.001 *et seq.*
[10] Tex. Civ. Prac. & Rem. Code § 37.009 ("In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just.)
[11] *Kona Technology Corp. v. Southern Pacific Transp.*, 225 F. 3d 595, 603–604 (5th Cir. 2000) (In *Kona*, a party who successfully obtained a declaration of rights sought fees under the TDJA. The 5th Circuit discussed that fees recovery under the TDJA is equitable in nature; prevailing parties are not entitled to fees as a matter of law.

the 5th Circuit applied the TDJA and awarded attorney fees to the prevailing parties in a boundary dispute.[12]

### B. Equities weigh in favor of granting fees

Abhyanker and LegalForce prevailed on the declaratory judgment claims brought by both plaintiffs, as those claims were dismissed to avoid responding to a motion to dismiss. The award of attorney fees under the TDJA is discretionary.[13] A party may recover fees when it prevails on a claim brought under the TDJA, even if that party does not prevail in the action as a whole.[14]

The equities favor awarding the defendants their attorney fees because no reasonable basis existed for Count 5. Count 5 sought a declaration that a partial assignment of certain property to Abhyanker was invalid and that Abhyanker and LegalForce had slandered both plaintiffs' title in connection with that assignment.[15] As the motion to dismiss pointed out, GeoTag asserted this claim while simultaneously admitting in the original complaint that it had sold the property in question before the alleged slander occurred.[16] Without a time machine, GeoTag's title could not have been slandered because the complaint admits that GeoTag had already sold the property when the alleged slander occurred.[17] Moreover, IPA could never have amended Count 5 to state a valid claim for relief without violating FRCP 11. IPA could not truthfully allege that it lost a specific sale of the property in question. IPA sold whatever ownership rights it held in that property to Nextdoor.com, Inc.[18] Nextdoor bought those rights with full knowledge of the "Raj Assignment".[19] IPA's title could not have been slandered

---

"Entitlement depends upon what is equitable and just and the trial judge's power is in that respect discretionary." Applying this standard, it held that the trial court did not abuse its discretion when it denied fees under the TDJA because it had already awarded $138,000 in costs.); *contra Utica Lloyd's of Texas v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998) and *Camacho v. Tex. Workforce Comm'n*, 445 F.3d 407 (5th Cir. 2006); *see also In re Garza*, 90 Fed. Appx. 730, 732 (5th Cir. 2004) (unpublished)

[12] *Garza*, 90 Fed. Appx. at 732

[13] Tex. Civ. Prac. & Rem. Code § 37.009; *Kona*, 225 F.3d at 603

[14] *Lindley v. McKnight*, 349 S.W.3d 113, 136 (Tex. App. Fort Worth 2011) (affirming award to prevailing party under TDJA)

[15] Complaint ¶¶ 37–38

[16] Complaint ¶¶ 26 and 28

[17] Complaint ¶ 26

[18] GeoTag's Motion For Leave To File First Amended Complaint at ¶ 4

[19] 35 U.S.C. § 261

because no sale was prevented while IPA purportedly held title to the property in question.

Since there was never any reasonable basis for either plaintiff to assert Count 5 of the original complaint, the equities weigh in favor of awarding attorney fees to the prevailing defendants.

### III. The court should award $51,403.50 in attorney fees

In the Fifth Circuit, "whenever the award of reasonable attorneys' fees is authorized by statute," a court uses the "lodestar" method and applies the twelve factors enumerated in *Johnson v. Georgia Highway Express* to determine what amount of fees is reasonable to award.[20]

Fee awards are based upon the lodestar method.[21] This is done by determining the "nature and extent of the services supplied by the attorney" and "the value of the services according to the customary fee and the quality of the legal work."[22] Thus, the "lodestar" is the product of multiplying the number of hours reasonably expended on the matter by the reasonable hourly rate for similar work.[23] A court may then adjust the lodestar upward or downward according to the factors.[24] As long as the evidence produced is adequate to show that the hours expended on the work are reasonable, billing statements are not necessary.[25]

The work performed by the defendants' counsel is detailed in the declaration of Daniel Fingerman that accompanies this motion. The time spent on each task by the defendants' attorneys is reasonable.[26] The hourly rates charged for each attorney are reasonable and are within the reasonable and customary range for attorneys who regularly practice in this District and have similar levels of skill and experience in patent-related litigation.[27] The work involved in

---

[20] *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)
[21] *In re Fender*, 12 F.3d 480, 487 (5th Cir. 1994)
[22] *Von Clark v. Butler*, 916 F.2d 255, 258 (5th Cir. 1990)
[23] *Fender*, 12 F.3d at 487
[24] *Johnson*, 488 F.2d 714, 717-19 (5th Cir.1974). The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.
[25] *Heasley v. Commissioner*, 967 F.2d 116, 123 (5th Cir.1992)
[26] Fingerman Declaration ¶ 5
[27] Fingerman Declaration ¶ 3

defending the defendants in connection with Counts 4 and 5 of the complaint involved:[28]

1. Analyzing and reviewing the allegations of the complaint, especially as to the unjust enrichment, the claims of priority, and the ownership issues in the child patent and patent applications to the '442, '192, and '400 applications. The issues regarding the ownership of the children of '442, '192, and '400 applications are inextricably intertwined with the unjust enrichment issues. In Count 4, GeoTag and IPA alleged that they were harmed by the claims of priority made during the prosecution of the children of those applications.

2. Researching and analyzing the TCPA and the caselaw interpreting the TCPA. The TCPA has been applied in both state and federal courts. In addition to researching federal district and appellate cases and state appellate cases, research was also done to find TCPA rulings at the state district court level, in which opinions are not generally published.

3. Researching and analyzing the TDJA, the claim asserted under the TDJA, and the caselaw interpreting the TDJA.

4. Drafting the Motion to Dismiss the original complaint (Docket # 4), as well as the TCPA Motion (Docket # 5).

5. Preparing present motion for fees and costs and the accompanying declaration.

The defense of this case has been handled efficiently, and the attorney fees incurred by the defendants are reasonable.[29] The defendants have already carved out of this fee request all fees that were incurred in connection with tasks related to the other claims asserted by the plaintiffs which were not included in Counts 4 and 5.[30] Accordingly, the court should award the full amount requested, $51,403.50.

**IV. The court may award attorney fees and sanctions even after dismissal**

It is well settled that the court retains jurisdiction to decide collateral issues, such as

---

[28] Fingerman Declaration ¶¶ 6–7
[29] Fingerman Declaration ¶¶ 8–9
[30] Fingerman Declaration ¶ 6 and 8

attorney fees, after an action is dismissed.[31] Requests for attorney fees are part of a court's collateral jurisdiction. Federal courts may even resolve attorney fee motions "years after the entry of judgment on the merits."[32] In the Fifth Circuit, a party may even recover for attorney time spent on unsuccessful motions if it prevails on the overall claim.[33]

Although Texas law provides parties to an absolute right to nonsuit, the nonsuit does not affect a prevailing defendant's independent claims for affirmative relief, including motions for sanctions or attorney fees.[34] Texas state courts award fees and sanctions to moving parties even after nonsuit.[35] The Texas Court of Appeals recently confirmed that a nonsuit does not render moot claims for attorney fees and sanctions under the TCPA.[36] This court also still has collateral jurisdiction to award fees under the Texas Declaratory Judgments Act even after the plaintiffs dismissed their claims for declaratory relief.

In this case, the motions to dismiss were so compelling that neither plaintiff attempted to oppose them. IP Analytics dismissed all of its claims under FRCP 41, and GeoTag dismissed the attacked claims by amending its complaint and omitting them from the amended pleading.[37] In light of these dismissals, the court subsequently ordered that the motions to dismiss be denied as moot. However, these dismissals did *not* moot the defendants' affirmative claims for attorney fees and sanctions. Abhyanker and LegalForce succeeded in defeating the SLAPP claims and the claims for declaratory relief, so they are entitled to recover their attorney fees.[38]

---

[31] *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990); *Ratliff v. Stewart*, 508 F. 3d 225, 230 (5th Cir. 2007); *Qureshi v. U.S.*, 600 F. 3d 523, n.1 (5th Cir. 2010)
[32] *Id.*
[33] *DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 434 (5th Cir. 2003)
[34] *James v. Calkins*, 2014 Tex. App. Lexis 9321, 12–13 (Tex. App. Houston 1st Dist. Aug. 21, 2014)
[35] Exhibit 4, *Delgado v. Alvarado*, No. 2014-10592 (234th Dist. Ct., Harris County, Tex., May 12, 2014)(awarding attorney fees and sanctions in anti-SLAPP case after dismissal with prejudice); Exhibit 5, *Hest Technologies, Inc. v. Bethel*, No. 067-256906-11 (67th Dist. Ct., Tarrant County, Tex., April 17, 2012) (defendant newspaper received $7500 in attorney's fees after the plaintiffs filed a nonsuit in response to a TCPA motion to dismiss)
[36] *James*, 2014 Tex. App. Lexis 9321, 13
[37] *Gronholz v. Sears, Roebuck and Co.*, 836 F. 2d 515, 518 (Fed. Cir. 1987); *Exxon Corp. v. Maryland Cas. Co.*, 599 F. 2d 659, 662 (5th Cir. 1979)
[38] *DP Solutions*, 353 F.3d at 434

**Conclusion**

Abhyanker and LegalForce defeated the SLAPP claims under the TCPA as well as the claims for declaratory relief under the TDJA. Accordingly, the court should award them attorney fees of $51,403.50 under both statutes.

Date: October 27, 2014

/s/ Daniel H. Fingerman
Daniel S. Mount, Esq. (Cal. Bar No. 77517)
Daniel H. Fingerman, Esq. (Cal. Bar No. 229683)
Mount, Spelman & Fingerman, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose CA  95110-2740
Phone: (408) 279-7000
Fax: (408) 998-1473
Email: dmount@mount.com; dfingerman@mount.com

Counsel for Defendants

**Certificate of Service**

The undersigned certifies that on the date this document is electronically filed, all counsel of record who have consented to electronic service are being served with a copy of this document via the court's ECF system pursuant to Local Rule CV-5(a)(3)(C).

Dated: October 27, 2014

/s/ Daniel H. Fingerman

**Certificate of Conference**

The undersigned certifies that counsel for Defendant has complied with the meet and confer requirement in Local Rule CV-7(h). This motion is opposed. The personal conference required by Local Rule CV-7(h) occurred on October 27, 2014 via telephone. Following that conference, counsel for Plaintiff stated that Plaintiff opposes this motion. Accordingly, discussions on this matter between counsel ended in an impasse, leaving an open issue for this Court to resolve.

Dated: October 27, 2014

/s/ Daniel H. Fingerman